E-FILED
Wednesday, 24 July, 2019 04:42:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL CADENA, | ) | |
|           Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 19-cv-01092 |
| HELEN OGAR, individually and OGAR & MILLER, | ) ) ) ) | |
|           Defendants. | ) | |

## ORDER AND OPINION

Now before the Court is Defendants' Motion to Dismiss in the entirety for lack of jurisdiction or, in the alternative, to dismiss certain requests for relief. Doc. 14. For the reasons that follow, Defendants' Motion to Dismiss in the entirety is DENIED. Defendants' Motion to Dismiss certain requests for relief is GRANTED in part and DENIED in part.

## I. BACKGROUND

Plaintiff filed a second amended Complaint (addressing previous jurisdictional defects) on March 21, 2019. Doc. 8. Defendants filed a Motion to Dismiss on May 17, 2019. Doc. 14. Plaintiff filed his Opposition to the Motion on June 21, 2019. Doc. 18.

Plaintiff retained Defendant Helen Ogar as his lawyer to represent him in a custody dispute involving Plaintiff's minor son and the other parent. Doc. 8, p. 2. After Plaintiff obtained custody of the child, DCFS workers urged Plaintiff's relocation for the child's safety. *Id*. at p. 3. Over the course of a month, Plaintiff sent a series of emails to Defendant Ogar asking if there were legal barriers to an out-of-state move. *Id.*, pp. 3–5. Defendant Ogar did not reply in a substantive way until the day of Plaintiff's departure. She wrote, "Well, there may be some issues. We will have to deal with those as they arise." *Id.* at p. 5. Plaintiff moved to

Massachusetts and was subsequently arrested and jailed. *Id.* Plaintiff allegedly suffered increased legal fees, costs, lost income, lost custody of the child, and other expenses in an amount exceeding $75,000 as a result of Defendants' alleged negligence. *Id.* at p. 6. Further, Plaintiff allegedly suffered emotional distress and loss of normal life damages in an amount exceeding $75,000. *Id.* Plaintiff is a citizen of Massachusetts. *Id.*, p. 1. Defendant Helen Ogar is a citizen of Illinois. *Id.* Defendant Ogar & Miller is a law firm partnership consisting of two partners, both of whom are citizens of Illinois. *Id.* The citizenship of a partnership is the citizenship of all of its partners. *Ind. Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998).

First, the parties dispute whether the domestic relations exception to federal diversity jurisdiction applies. Doc. 14, p. 3; Doc. 18, p. 1. Second, the parties dispute whether Plaintiff adequately pleaded a claim for custody loss arising from legal malpractice. Doc. 14, p. 4; Doc. 18, p. 5. Third, the parties dispute whether damages for emotional distress and loss of normal life are available as a matter of law. Doc. 14, p. 4; Doc. 18, pp. 6–7.

## II. LEGAL STANDARD

Generally, where there is a substantive right enforceable in state court, it is enforceable in federal court if the controversy is between citizens of different states and involves an amount in controversy equal or greater to $75,000. 28 U.S.C. § 1332.

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must contain a short and plain statement of the plaintiff's claim sufficient to plausibly demonstrate entitlement to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). At the dismissal stage, the court accepts all well-pleaded facts as true, construes the complaint in the light most favorable to the plaintiff, and draws all reasonable

inferences in the plaintiff's favor. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

**III. DISCUSSION**

    **A. Defendants' Motion to Dismiss in the Entirety for Lack of Jurisdiction**

The domestic relations exception provides that divorce, alimony, and child custody cases fall outside federal jurisdictional bounds. *Ankenbrandt v. Richards*, 504 U.S. 689, 690 (1992). State courts are better suited to deciding domestic relations cases because of greater familiarity with family law adjudication and because of closer association with local agencies that handle its enforcement. *See id.* at 704. In addition to divorce, alimony, and custody cases, the domestic relations exception includes a penumbra of ancillary cases. *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998). An ancillary case may be one that a state court is required to litigate as an appendix to a core domestic relations case, such as a suit for the collection of unpaid alimony following a divorce. *Id*. The domestic relations exception does not extend to independent civil actions. *See Lloyd v. Loeffler*, 694 F.2d 489, 491 (7th Cir. 1982). This is true even if the independent civil action is, in an abstract sense, a continuation of a custody battle resolved in state court. *See id.* at 491.

This case does not fall within the core of the domestic relations exception. The Plaintiff is not challenging the state court order for custody of the minor child. Nor does this case fall within the "penumbra" of the domestic relations exception – Plaintiff is not requesting litigation as an appendix to the custody case. He is suing his lawyer for malpractice pursuant to lack of advice on whether or not he could cross state lines with his child after the issuance of the custody decree. This is an independent civil action. Therefore, the Court finds that the domestic relations

3

exception does not apply and that this Court may exercise diversity jurisdiction. At this preliminary stage, the Court denies Defendants' request to dismiss the Complaint in its entirety.

**Defendants' Motion to Dismiss Certain Requests for Relief**

a. Loss of Custody Damages

To prove that an attorney's malpractice led to loss of custody, the plaintiff must prove (1) that his counsel's performance fell below an objective standard of reasonableness, (2) that this deficient performance did not involve an exercise of judgment, discretion, strategy, or trial tactics, and (3) that this deficient performance seriously prejudiced his case such that a reasonable probability exists that without the unprofessional errors, the plaintiff would have received custody or visitation. *See Person v. Behnke*, 242 Ill. App. 3d 933, 940 (4th Dist. 1993) (discussing the standard for legal malpractice in the context of lost custody resulting from a divorce case) (citing *Strickland v. Washington*, 466 U.S. 668, 669 (1984); *People v. Jones*, Ill. App. 3d 1082, 1098 (1st Dist. 1992)). Plaintiff pleaded the first and third elements. Doc. 8, p. 6. However, Plaintiff failed to expressly plead the second element (that Defendants' negligence did not involve an exercise of judgment, discretion, strategy, or trial tactics). In *Person*, the court found that the plaintiff's claim that an attorney did almost nothing did not challenge the attorney's judgment, strategy, or trial tactics. *Person*, 242 Ill. App. 3d at 941. Likewise, in this case, Plaintiff argues that by claiming that Defendants did "nothing," he impliedly pleaded that Defendants' performance did not involve an exercise of judgment, discretion, strategy, or trial tactics. Doc. 18, p. 4. Therefore, for the purposes of the 12(b)(6) motion to dismiss standard, the Court finds that Plaintiff's Complaint adequately alleges the elements for a loss of custody claim. At this preliminary stage, the Court denies Defendants' request to dismiss this portion of the Complaint.

### b. Emotional Distress and Loss of Normal Life Damages

#### i. Emotional Distress Damages

Plaintiffs may only recover emotional distress damages where there has been physical injury or where the defendant willfully, wantonly, recklessly, or intentionally caused the distress. *Maere v. Churchill*, 116 Ill. App. 3d 939, 944 (3d Dist. 1983). Legal malpractice is not a sufficient basis to support damages for emotional distress. *Id.* at 945. This principle extends to legal malpractice in custody cases. *Segall v. Berkson*, 139 Ill. App. 3d 325, 331 (4th Dist. 1985). Plaintiff contends that *Person* changed this "old rule" by allowing recovery for noneconomic damages. Doc. 18, p. 5. However, the *Person* court permitted damages only for loss of society of a minor child. *Person*, 242 Ill. App. 3d at 937. The *Person* court was careful to clarify that *Maere* and *Segall* maintained their validity and that emotional distress damages remained unavailable for legal malpractice claims. *Id*. Therefore, there is no legal claim for which emotional distress damages can be granted. The Court grants Defendants' request to dismiss this portion of the Complaint.

#### ii. Loss of Normal Life Damages

"Loss of normal life" damages belong almost universally to the realm of personal injury cases. *See Jones v. Chicago Osteopathic Hosp.*, 316 Ill. App. 3d 1121, 1135 (1st Dist. 2000). Loss of normal life damages may be appropriate where the evidence suggests that a physical injury has resulted in a diminished ability to engage in the activities of life, including recreation and hobbies. *See Baker v. Hutson*, 333 Ill. App. 3d 486, 499 (5th Dist. 2002). Plaintiff seeks loss of normal life damages for a legal malpractice claim but he does not allege that it resulted in physical injury. Therefore, there is no legal claim for which loss of normal life damages can be granted. The Court grants Defendants' request to dismiss this portion of the Complaint.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss in the entirety is DENIED at this time. Defendants' Motion to Dismiss Plaintiff's request for damages for lost custody is likewise DENIED. Defendants' Motion to Dismiss Plaintiff's request for damages for emotional distress and loss of normal life is GRANTED.

Signed on this 24th day of July, 2019.

/s James E. Shadid
James E. Shadid
United States District Judge